PER CURIAM.
Appellant Miami-Dade County appeals the final agency action of the Administration Commission,[1] pertaining to Miami-Dade County’s amendment of its comprehensive plan under the “Local Government Comprehensive Planning and Land Development Regulation Act.” §§ 163.3161, et seq., Fla. Stat.[2] Because the appellant has failed to show grounds for remand or setting aside the agency action, the Administration Commission’s final agency action is affirmed.
The official actions culminating in this appeal began with Miami-Dade County’s enactment of the ordinance amending the “future land use” element of its comprehensive plan to expand its “Urban Development Boundary.” The County’s comprehensive plan contemplates such expansion of this boundary when, in order to maintain adequate development capacity, additional commercial land supplies are needed. As provided in the plan, the determination of “need” is to be “through the plan review and amendment process.”
After the amendment was codified, the County transmitted the amendment to the Department of Community Affairs, as required by section 163.3184(7), Florida Statutes. The Department of Community Affairs reviewed the amendment and issued its notice of intent to find the amendment “not in compliance” with certain policies in the County’s plan, administrative rules applicable state-wide, the state comprehensive plan set forth in the Florida Statutes, and the South Florida Strategic Regional Plan. § 163.3184(8), Fla. Stat. In accordance with section 163.3184(10), Florida Statutes, the matter was then submitted to an administrative law judge (“ALJ”) for proceedings under sections 120.569 and 120.57, Florida Statutes. After eight days of evidentiary hearings, during which evidence was submitted by Miami-Dade County, the Department, and the interve-nors aligned with each of them, the ALJ submitted a second corrected recommended order to the Administration Commission. § 163.3184(10)(b), Fla. Stat. In addition to the recommended order, the Administration Commission considered and ruled on the numerous exceptions filed by the parties, in accordance with section 120.57(l)(k), Florida Statutes.
Pursuant to section 120.57(l)(i), Florida Statutes, the Administration Commission’s final order adopted the second corrected recommended order with modifications prompted by some of the exceptions, and stated with particularity its reasons for modifying conclusions of law where applicable. This final order was the conclusion of the proceedings under section 163.3184, Florida Statutes, and was appealable to this court as provided by section 120.68, Florida Statutes.
The scope of the Administration Commission’s review of the ALJ’s recommended order is limited by the provisions of section 120.57(l)(i), Florida Statutes.[3] *635 Nothing in the record demonstrates that the Administration Commission exceeded its review authority or failed to comply with section 120.57(l)(i).
Likewise, judicial review of the Administration Commission’s final agency action is limited by statute. Section 120.68(8), Florida Statutes, requires this court to affirm the Administrative Commission’s final agency action unless it finds one of the grounds listed in that statute. As provided in section 120.68(7), Florida Statutes:
(7) The court shall remand a case to the agency for further proceedings consistent with the court’s decision or set aside agency action, as appropriate, when if finds that:
* * ⅜
(b) The agency’s action depends on any finding of fact that is not supported by competent, substantial evidence in the record of a hearing conducted pursuant to ss. 120.569 and 120.57; however, the court shall not substitute its judgment for that of the agency as to the weight of the evidence on any disputed finding of fact;
[[Image here]]
(d) The agency has erroneously interpreted a provision of law and a correct interpretation compels a particular action; or
(e) The agency’s exercise of discretion was:
1. Outside the range of discretion delegated to the agency by law;
* * ⅜
4. Otherwise in violation of a constitutional or statutory provision; but the court shall not substitute its judgment for that of the agency on an issue of discretion.
Miami-Dade County’s arguments on appeal do not point out any finding of fact by the Administration Commission, either adopted from the ALJ’s recommended order or found from the Administration Commission’s review of the record, that was not supported by competent, substantial evidence in the record of the chapter 120 hearing. Likewise, the record does not reveal any misinterpretation of a provision of law by the Administration Commission, or that the Administration Commission exercised its discretion in violation of any constitutional or statutory provision.
Because the appellant failed to demonstrate any ground for remand or setting aside the final agency action of the Administration Commission, as provided in section 120.68(7), Florida Statutes, the Administration Commission’s final order is AFFIRMED.
KAHN, PADOVANO, and CLARK, JJ„ concur.

.The Administration Commission consists of the Governor and Cabinet. § 163.3164(1), Fla. Stat.

. Part of the “Growth Management Act,” Chapter 85-55, Laws of Florida.

. Pursuant to the statute, "[t]he agency [Administration Commission] may not reject or *635 modify the findings of fact unless the agency first determines from a review of the entire record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with the essential requirements of law.” As for the ALJ’s conclusions of law, the Administration Commission could reject or modify the conclusions of law or interpretation of administrative rules, but "must state with particularity its reasons for rejecting or modifying such conclusions of law or interpretation of administrative rule and must make a finding that its substituted conclusion of law or interpretation of administrative rule is as or more reasonable than that which was rejected or modified.” § 120.57(1)(Z), Fla. Stat.